### UPTON v. DENNIS.

1. PRINCIPAL AND AGENT—AUTHORITY—RATIFICATION.
   Ratification of the compromise of a claim by a collection agent cannot be based on a letter written by the creditor without full knowledge of the facts.

2. SAME—ESTATES OF DECEDENTS—DISCHARGE OF ADMINISTRATOR.
   Any authority conferred upon a collection agent by an administrator to compromise a claim belonging to the estate is terminated by the discharge of the administrator.

3. JUDGMENTS—COMPROMISE—CONSIDERATION.
   The discharge of a judgment on payment of less than the amount due thereon is void, for want of consideration, as to the amount remitted.

4. SAME—ESTATES OF DECEDENTS—LACHES—ESTOPPEL.
   In 1887, D. transferred his property to his wife to defeat the collection of a debt owing to complainant's intestate. Judgment was obtained in 1895, which was compromised soon thereafter, one C. assuming to act on behalf of the estate. Some two years afterwards complainant was appointed administrator (the estate being unrepresented in the meantime), and filed a bill to set aside the compromise as unauthorized. *Held*, that his right to maintain the suit could not be defeated on the ground of laches or estoppel, even though C., who negotiated the compromise, was the only creditor of the estate.

Appeal from Clinton; Stone, J. Submitted February 20, 1903. (Docket No. 108.) Decided May 12, 1903.

Bill by Josiah Upton, administrator of the estate of Amos W. Randolph, deceased, against William W. Dennis, Hiram M. High, and William H. Castle, to set aside the compromise of a judgment. From a decree dismissing the bill, complainant appeals. Reversed.

*Edwin H. Lyon* and *H. J. Patterson*, for complainant.

*Henry E. Walbridge*, for defendant Dennis.

*Norton & Dooling*, for defendant High.

*William H. Castle, in pro. per.*

MONTGOMERY, J.  In 1887 the firm of Westervelt & Dennis, composed of defendant Dennis and John W. Westervelt, became indebted to Amos W. Randolph in a sum in excess of $1,500.  Westervelt died in November, 1887, and during the same month the defendant Dennis made over to his wife all the property which he possessed, amounting to something like $16,000, and from thence he represented that he had no property; that nothing could be collected of him.  In 1891 Randolph commenced suit upon the claim against Dennis, as survivor of the firm of Westervelt & Dennis, which suit was pending at the time of Randolph's death, which occurred in 1891.  In November, 1891, Mary A. Randolph was appointed administratrix of his estate in California, the place of his decease, and in August, 1892, indorsed the claim held by the estate to the defendant Castle for collection.  Afterwards, in December, 1892, Mrs. Randolph was discharged as administratrix.  Castle afterwards commenced suit on the notes and account in his own name, and finally recovered judgment on November 14, 1895, for $2,314.27 damages, and costs taxed at $217.98.  On February 15, 1896, Dennis, and High, acting in his behalf, and Castle, assuming to act with authority, undertook to compromise the judgment, Dennis paying to Castle $1,750, and Castle making an assignment to High, reciting the receipt of but $1,200. Thereafter, on an application by Castle, the complainant was appointed the administrator of Randolph by the probate court of Clinton county, and this bill is filed for the purpose of having this alleged settlement declared ineffectual, and requiring the defendant Dennis to pay to complainant the balance of said judgment and costs.  The

defendant Castle, by an arrangement with Randolph in his lifetime, which was confirmed by the administratrix, was entitled to receive one-half of the amount received on this judgment for his compensation.

The circuit court dismissed the bill on the ground that Castle had full authority to make the settlement. We think that in this he was in error, for two reasons: *First*. The letter which he relied upon as conferring the authority was written by Mrs. Randolph after the attempted settlement was made, and was clearly not written with a knowledge of the facts as they existed. But, more than this, at the time she wrote this she had no power to bind the estate. She had been discharged as administratrix, and whatever power had been vested in Castle before that time by her must be deemed to have terminated upon her discharge as administratrix. Furthermore, there was no consideration for the discharge of the judgment for the excess.

It is contended by defendants' counsel that the complainant is not entitled to relief because guilty of laches in not attacking this transfer earlier, the transfer having been made in 1887. But in determining this question it is not to be overlooked that the defendant Dennis threw every obstacle possible in the way of the collection of this claim, and it was not until 1895 that the judgment was obtained, and since that time, and intervening that day and the appointment of the complainant as administrator, there was no one authorized to represent the heirs at law of Amos W. Randolph, deceased. This fact also answers the contention that there is an estoppel. It is also suggested that Castle, being the only alleged creditor of the estate, should be held estopped. But, even though there may not be other creditors, there are heirs interested in this estate and in the due administration thereof. The defendant Dennis had full knowledge that Castle was acting in a representative capacity. His own conduct was fraudulent throughout. He is in no position to appeal to this court for protection on the ground of estoppel, though

he has failed to discharge this judgment, being abundantly able to pay it, for a sum much less than its face, and failed because of want of authority in Castle to make the compromise. He does not occupy a favorable position from which to appeal to a court of equity to enable him to reap the fruits of his attempted fraud.

We think the decree of the court below should be reversed, and one entered here in favor of the complainant against Dennis for the excess of the judgment over and above the $1,750 received, and defendant Castle to be required to account for the amount received, with interest, and that an accounting be had between him and the administrator. Complainant will recover costs of both courts.

HOOKER, C. J., CARPENTER and GRANT, JJ., concurred. MOORE, J., did not sit.